UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSEPH SMITH,

                              Petitioner,                      9:18-cv-0160 (BKS/DJS)

v.

EARL BELL, *Acting Superintendent,*

                              Respondent.
_____

**Appearances:**

*Petitioner, pro se:*
Joseph Smith
15-A-3135
Cayuga Correctional Facility
P.O. Box 1186
Moravia, NY 13118

*For Respondent:*
Hon. Letitia James
Attorney General of the State of New York
Priscilla I. Steward
Assistant Attorney General, of Counsel
28 Liberty Street
New York, NY 10005

**Hon. Brenda K. Sannes, United States District Judge:**

MEMORANDUM-DECISION AND ORDER

I.      INTRODUCTION

      On February 7, 2018, Joseph Smith filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 challenging his convictions for criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree and false


personation. (Dkt. No. 1). Respondent responded to the petition, (Dkt. Nos. 23, 24), and Petitioner filed a traverse and additional submissions in support of his petition. (Dkt. Nos. 34, 41, 43). This matter was assigned to United States Magistrate Judge Daniel J. Stewart who, on September 17, 2020, issued a Report-Recommendation recommending that the petition be denied and dismissed. (Dkt. No. 46). Magistrate Judge Stewart recommended that that no Certificate of Appealability ("COA") be issued because Petitioner failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). (*Id.*).

Petitioner filed timely objections to the Report-Recommendation. (Dkt. Nos. 47, 48). Respondent filed a response, to which Petitioner replied. (Dkt. Nos. 49, 51). For the reasons set forth below, the Report-Recommendation is adopted in its entirety.

**II.    STANDARD OF REVIEW**

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection

are reviewed for clear error. *Petersen*, 2 F. Supp. 3d at 229. To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" made in the original submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

### III.   DISCUSSION

Undercover police officers stopped Petitioner on April 18, 2014, after they saw what they believed to be an aborted drug sale between Petitioner and a "known drug user" – Irving Lowe. *People v. Smith,* 151 A.D.3d 1476, 1477 (3d Dep't 2017). Petitioner was arrested after he gave "inconsistent answers about his age and date of birth." (*Id.*). The arresting officer found a small baggie of cocaine under Petitioner's cap, and officers found more baggies of crack cocaine in a search of Petitioner at the police station. (*Id.*). Officers informed Petitioner of his *Miranda* rights at the outset of a videotaped interview. (*Id.*; Dkt. No. 46, at 7, 14). Petitioner proceeded to trial, where he was permitted to proceed pro se until the trial court concluded that he was engaging in intentionally disruptive conduct and refused to let him continue to represent himself. 151 A.D.3d at 1479. A jury convicted Petitioner of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree and false personation.

In its decision affirming Petitioner's judgment the Appellate Division, Third Department ruled, inter alia, that: (1) officers had "a founded suspicion of criminality" when they stopped Petitioner, they had probable cause to arrest him for false personation, and there was no abuse of discretion in denying his suppression motion; (2) "to the extent [Petitioner] challenges the voluntariness of his statements at the police station, there was no hint in the suppression hearing testimony that he was threatened or coerced to speak, and the interrogation video showed him

being Mirandized before it began;" and (3) the trial court did not error in refusing to allow Petitioner to continue to represent himself during trial. 151 A.D.3d at 1477-79.

Petitioner seeks habeas relief in this action alleging that: (1) his confession was coerced; (2) evidence was obtained in an unconstitutional search and seizure; (3) the grand or petit jury was unconstitutionally selected because he was not permitted to ask about prejudices and there were no African-Americans on the jury; and (4) he was denied effective assistance of counsel, by a court-appointed lawyer who "refused to submit numerous motions" and "refused to raise issues in open court," resulting in Petitioner's self-representation. (Dkt. No. 1, at 4-5).

Magistrate Judge Stewart considered each of Petitioner's claims in a thorough Report-Recommendation. (Dkt. No. 46). Magistrate Judge Stewart concluded that Petitioner's Fourth Amendment challenge to the arrest, search and the seizure was foreclosed by *Stone v. Powell*, 428 U.S. 465 (1976), because New York law provides for a full and fair opportunity to litigate Fourth Amendment claims and Petitioner took advantage of that opportunity. (*Id.* at 10-11). Petitioner's claim that his confession was coerced was unexhausted because Petitioner failed to raise it on direct appeal to the New York State Court of Appeals and procedurally defaulted because he failed to show cause for the default and actual resulting prejudice and, even considering the merits, Magistrate Judge Stewart found no constitutional violation. (*Id.* at 12-15). Magistrate Judge Stewart determined that Petitioner "provided no information of any systemic exclusion of potential jurors from the venire as required by the Supreme Court's holding in *Duren* [*v. Missouri*, 439 U.S. 357, 364 (1979)]," and that the state court's rejection of Petitioner's attempt to ask jurors whether they held Christian beliefs was not contrary to and did not involve an unreasonable application of clearly established Supreme Court precedent. (*Id.* at 16-20). Finally, Magistrate Judge concluded that Petitioner's allegations of ineffective assistance

were "not borne out by the record," and that the state court's rejection of his self-representation claim was well founded. (*Id.* at 20-25).

The Court reviews Petitioner's specific objections to the Report-Recommendation *de novo*. Petitioner's objection to Magistrate Judge Stewart's analysis of *Stone* is without merit. In *Stone* the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 494. Petitioner argues that the suppression hearing was not full and fair because Detective Van Allen lied, citing to the testimony of Plaintiff's witness – Irving Lowe – at the suppression hearing and an inconsistent statement in Detective Van Allen's report. (Dkt. No. 47, at 1-3). However, both Detective Van Allen and Lowe testified and were subject to cross-examination at the hearing, and the county court found Detective Van Allen credible and Lowe not credible. (Dkt. No. 46 at 6; H. Tr. at pp. 23, 30-43, 64-72, 78-80). "In *Stone* all that the Court required was that the state have provided the *opportunity* to the state prisoner for full and fair litigation of the Fourth Amendment claim." *Gates v. Henderson*, 568 F.2d 830, 839 (2d Cir. 1977). Petitioner simply disagrees with the county court's ruling. Relitigating this issue on writ of habeas corpus is "precisely th[e] manner of claim which the district courts under *Stone v. Powell*, are precluded from hearing." *U.S. ex rel. Conroy v. Bombard*, 426 F. Supp. 97, 102 (S.D.N.Y. 1976).

Having reviewed, *de novo*, Petitioner's objection to Magistrate Judge Stewart's conclusions regarding Petitioner's coerced confession and jury selection claims, the Court agrees with Magistrate Judge Stewart's analysis, and adopts the recommendations regarding those claims for the reasons set forth in the report. Petitioner has failed to raise a specific objection to

Magistrate Judge Stewart's determinations regarding the ineffective assistance of counsel and pro se representation claims. Magistrate Judge Stewart considered each of the ineffective assistance of counsel claims that Petitioner raised in his pro se supplemental brief to the New York Court of Appeals (SR 455), and the Court finds no clear error in that analysis. (Dkt. No. 46, at 22-26).

Finally, Petitioner asserts that "there are many issues contained in the petitioner's traverse reply" that Magistrate Judge Stewart "did not address or cover in his report." (Dkt. No. 47, at 8). The Court has reviewed Petitioner's traverse reply and his submissions in further support of his petition (Dkt. Nos. 34, 41, 43), and does not find anything that alters the Court's view that Magistrate Judge Stewart correctly determined that habeas relief is not warranted. Having reviewed the remainder of the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety.

### IV.     CONCLUSION

For these reasons, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 46) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the petition (Dkt. No. 1) is **DENIED and DISMISSED**; and it is further

**ORDERED** that no Certificate of Appealability ("COA") is issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with

the Local Rules.

**IT IS SO ORDERED.**

Dated:  **January 20, 2021**

Brenda K. Sannes
U.S. District Judge